```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  NORTHERN DIVISION
```

**HARRIS WILSON,**                      :

    **Petitioner,**                     :

                                                                    :   **CIVIL ACTION 15-00292-WS-B**

**v.**                                  :

**DEWAYNE ESTES,**                      :

    **Respondent.**

**ORDER**

This action is before the court on Harris Wilson's unopposed Motion to Stay (Doc. 2). Wilson, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). In his petition, Wilson asserts that the imposition of a mandatory sentence of life without parole upon him for an offense that occurred when he was only 16 years old constitutes cruel and unusual punishment based on the U.S. Supreme Court's decision in Miller v. Alabama, 132 S.Ct. 2455 (2012). (Id.). Since the filing of Wilson's petition, and his unopposed motion to stay, the U.S. Supreme Court, in Montgomery v. Louisiana, No. 14-280, 2016 U.S. LEXIS 862, 2016 WL 280758 (Jan. 25, 2016), held that the Supreme Court's Miller decision announced a new substantive rule that is retroactive in cases on state collateral review.

Counsel for the parties agree that in light of the *Miller* and *Montgomery* decisions, Wilson is entitled to a resentencing hearing in state court. (Doc. 12).  Counsel further advises that they anticipate that Wilson's petition for a writ of certiorari, which is currently pending before the U.S. Supreme Court, will be granted, and this case will be remanded to the state courts for further proceedings consistent with Montgomery.  (*Id.*) Thus, they request that Wilson's petition be held in abeyance since action by the state courts may obviate the need for habeas relief. (*Id.*)  Upon consideration, and for good cause shown, the motion to stay is **granted.** See *Rhines v. Weber*, 544 U.S. 269, 275-79, 125 S.Ct. 1528, 1533-35, 161 L.Ed.2d 440 (2005). (the district court has discretion to employ a "stay-and-abeyance" procedure where (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

The parties are directed to file joint status reports every sixty days.

DONE this **24th** day of February, 2016.

                                                 /s/ SONJA F. BIVINS
                                        **UNITED STATES MAGISTRATE JUDGE**